```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

STEPHEN DETAR,
          Plaintiff,
                                  C.A. No.  04-12202-RCL
     v.

INGRED GRIFFITH and
MIDDLESEX COUNTY, ET AL.,
               Defendants
```

### ORDER RE: MOTION FOR RESTRAINING ORDER AND ORDER TO SEAL

For the reasons stated below, Plaintiff's Motion for a Restraining Order (#4) is Denied.  It is further Ordered that the psychological report attached to the motion shall be Sealed.

### BACKGROUND

On October 18, 2004 plaintiff Stephen Detar filed his *pro se* complaint against his ex-girlfriend Ingred Griffiths, Kettlyne Cine, a DSS worker, and Middlesex County (Probate judges). The crux of the complaint centers around Plaintiff's custody dispute with his ex-girlfriend over their son, as well as his disputes with the Department of Social Services (DSS) and with the Probate Court proceedings.  He also takes issue with the medical and mental health treatment provided his son.

He seeks relief as follows:

>       I want the US Court to listen to the
>       tapes of contempt (kidnapping) then force
>       the courts to turn over the documents.
>       Make this Moscow stop racateering [sic].
>       And most importly [sic] have my son
>       Brought to this court and given back to
>       his Dad.  Money would be nice.

On February 4, 2005, Plaintiff filed a Motion for Restraining Order (#4) alleging that he has been complaining for two years that his son has been abused and kidnaped. (Motion, ¶1).  He states his attorney had filed a motion in Middlesex Superior Court regarding these matters.  He also alleges that the District Attorney is involved "and can not be disinvoled [sic] threw [sic] the case being dismissed nor the Department of Social Service.  For it was threw [sic] them that my son was taken from me via the Cambridge Police and Court House." (Motion, ¶5). He then states: "I am in fear for my life the ADA John Verner folled [sic] me down the elevator after getting the motion day forwarded.  Fran Longo the DSS Attorney glared at me when I filled [sic] that motion.  They (DSS) also had that motion forwarded." (Motion, ¶6). He further states: "There is only one way out. For me too [sic] be put back in jail on a restraining order violation via another false complaint. Witch [sic] is the root of my complaint." (Motion, ¶7).  Finally, he asks this

Court to grant him a restraining order "and demand that these people return my son too [sic] me." (Motion, ¶8). Attached to the motion is a psychological report of Plaintiff from Bridgewater State Hospital.

ANALYSIS

To the extent that Plaintiff is seeking the extraordinary remedy of emergency preliminary injunctive relief, he must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). The Court will not construe Plaintiff's motion as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the motion does not appear to have been served on the defendants. See Fed. R. Civ. P.

65(a)(1).

To the extent Plaintiff seeks an *ex parte* restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).[1] The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria). A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). Further, the party's attorney (or the party himself, if proceeding pro se as here) must certify to the court in writing the efforts, if any, which have been made to give

---

[1] Rule 65(b) states that:
A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

the notice and the reasons supporting the claim that notice should not be required.  Id.

As an initial matter, the Court recognizes that Plaintiff has failed to certify his efforts to give notice to the named defendants and adverse parties.  The failure to do so provides sufficient grounds for denial of the request. See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

More importantly, however, because Plaintiff has not demonstrated a likelihood of success on the merits, the Plaintiff's request for injunctive relief is denied.

In a separate Memorandum and Order this Court directed this action be summarily dismissal because Plaintiff has not pled any facts which set forth a federal cause of action with respect to his child custody disputes, and this Court lacks jurisdiction over Plaintiff's claims, as pled.

Accordingly, the Motion for Restraining Order, the motion is denied for the reasons set forth in the Memorandum and Order.  Additionally, it appears that Plaintiff, through his attorney, has filed a motion in state court to address

the issues he complains of here.  Finally, it is unclear exactly what type of relief Plaintiff is seeking in this motion, other than custody of his son. Even if it is presumed he wants to prevent the District Attorney's Office from criminally prosecuting him, he has not demonstrated he is entitled to such relief. To the extent that plaintiff is attempting to include claims against prosecutors in the District Attorney's Office in this civil action, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process."  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).

CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Restraining Order (#4) is Denied. It is further Ordered that the psychological report attached to the motion shall be Sealed.

Dated at Boston, Massachusetts, this 22nd day of February, 2005.

/s/ Reginald C. Lindsay  
REGINALD C. LINDSAY

UNITED STATES DISTRICT JUDGE

7